UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAYMOND MILLIGAN, ET AL.                CIVIL ACTION

VERSUS                                  NO: 06-10841

STATE FARM FIRE & CASUALTY              SECTION: "A" (3)
CO., ET AL.

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 4)** filed by plaintiffs Raymond Milligan, Dorrinda Milligan, and Dorris Miller. Defendant State Farm Fire & Casualty Co. opposes the motion. The motion, set for hearing on February 7, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **DENIED**.

### I.   BACKGROUND

Plaintiffs, citizens of Louisiana, initiated this suit in state court against State Farm Fire & Casualty Co. ("State Farm") and Donald Belsom ("Belsom"), Plaintiffs' insurance agent, also a Louisiana citizen. Plaintiffs allege that State Farm has in bad faith refused to pay for all of their hurricane-related damages covered by their homeowner's policy. Plaintiffs also allege that State Farm, a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"), reduced their flood coverage limits without their knowledge. Plaintiffs allege *inter alia* that Belsom failed to procure adequate

insurance coverage for the property.

State Farm removed the suit to this Court alleging diversity jurisdiction because Plaintiffs have improperly joined Belsom in order to defeat federal jurisdiction and because federal question jurisdiction exists. Plaintiffs now move to remand the case.

**II. DISCUSSION**

In Wright v. Allstate Insurance Co., 415 F.3d 384 (5th Cir. 2005), the Fifth Circuit held that state law tort claims based on a WYO's handling of an insurance claim are preempted by federal law. The NFIP is a "child of Congress, conceived to achieve policies national in scope, and [because] the federal government participates extensively in the program both in a supervisory capacity and financially." Id. at 390 (quoting West v. Harris, 573 F.2d 873, 881 (5th Cir. 1978)). The Fifth Circuit has yet to decide whether claims pertaining to a WYO carrier's negligent procurement of a policy are preempted by federal law. This Court has previously held, Johnson v. Williams, No. 06-5630, Rec. Doc. No. 13, and several judges in this district have concluded that procurement claims do not implicate federal law because claims for a WYO carrier's errors and omissions are not paid by the federal government. See, e.g., Landry v. State Farm Fire & Cas. Co., 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.); Bennen v. Allstate Ins. Co., No. 06-5742, 2006 WL 3240786 (E.D. La. Nov. 6, 2006)

2

(Lemmon, J.).

In the instant case the petition does not suggest that the claim against State Farm is one strictly for procurement of a flood policy. Plaintiffs had an existing flood policy for which the limits were reduced. The allegations involve State Farm's administration of Plaintiffs' flood policy and fall within the NFIP. Resolving the claim against State Farm regarding the reduction in coverage will in all likelihood will require the Court to refer to federal law or to the provisions of the NFIP. In sum, the case was properly removed pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) notwithstanding the citizenship of the parties.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 4)** filed by plaintiffs Raymond Milligan, Dorrinda Milligan, and Dorris Miller should be and is hereby **DENIED**.

March 5, 2007

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE